Curia, per
Richaudson, J.
The motion for a new trial comes before the court under circumstances favorable to the motion.
The ordinary had established the will; and the circuit Judge reports his opinion, that the will had been well executed.
Two of the subscribing witnesses deemed the testator mentally competent to make his will; and they are supported in their opinion by the attending physician and some other witnesses.
On the other hand, the remaining subscribing witness, Mr. Weaver, thought the testator quite incompetent, from mental weakness, to make a will.
But again, the testator survived his sickness at the date of the will in August, 1840, and lived to July, 1844; and in some of his after-conversations, appeared to recognize the will in question as his will.
The last fact is imposing and weighty — as shewing the testator’s consciousness, that he had made and still acknow *27 ledged this to be his will. A just consideration would therefore inquire — could the will have been imposed upon him when in a weak state of mind, and not be afterwards denounced 1
This court cannot, therefore, but feel the reasonableness of the motion for a re-hearing before the jury.
Men must not be deprived of the right to make last wills merely upon differences of opinion among ' the witnesses upon their mental competency.
But the new trial is granted without prejudice. Let the jury re-consider the whole case.
O’Neall, EvaNs, Wardlaw and Frost, JJ. concurred.